CLD-124                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1004
_____

IN RE: RAYMOND KRAYNAK,
                                        Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to Crim. No. 4:17-cr-00403-001)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 10, 2025
Before:  KRAUSE, PHIPPS, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 16, 2025)
_____

OPINION[*]
_____

PER CURIAM

Raymond Kraynak petitions this Court for a writ of mandamus to compel the

recusal of Chief Judge Matthew Brann from presiding over Kraynak's motion to vacate

his sentence under 28 U.S.C. § 2255. For the reasons that follow, we will deny the

mandamus petition.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In 2017, petitioner Kraynak was indicted on a litany of charges related to his conduct in dispensing over six million doses of opioids in five years while working as a Doctor of Osteopathy. United States v. Kraynak, 553 F. Supp.3d 245, 249 (M.D. Pa. 2021). After the government had presented its case at trial, Kraynak pleaded guilty in exchange for a fifteen-year prison term, but subsequently moved to withdraw his plea on the ground that he was actually innocent. United States v. Kraynak, 2023 WL 4636419, at *1 (3d Cir. July 20, 2023). After a hearing, the District Court denied his motion to withdraw his plea and sentenced him to fifteen years; this Court affirmed both decisions on direct appeal. Id.

In May 2024, Kraynak filed a motion under 28 U.S.C. § 2255 challenging his conviction. In response, the District Court issued an Order informing Kraynak of § 2255's limitations on second or successive motions and asking if he wished to stand on his current motion or refile an "all-inclusive [§ 2255] motion." Order on Notice of Election, ECF No. 284 at 2 (citing United States v. Miller, 197 F.3d 644 (3d Cir. 1999)). Kraynak elected to withdraw his motion, and then proceeded to move for the recusal of Chief Judge Brann, as well as the appointment of counsel. A key element of his motion for recusal was his contention that the transcript of the hearing in which he testified regarding his motion to withdraw his guilty plea was "criminally redacted" with Judge Brann's personal knowledge. ECF No. 288 at 2. The District Court denied both motions.

Kraynak now petitions this Court for a writ of mandamus ordering the recusal of Chief Judge Brann, a change of venue, the appointment of legal counsel, and an

expedited hearing on his petition. He further requests that both Judge Brann and the court reporter be ordered to produce the "complete" transcript of his hearing, and that their involvement in redacting the transcripts be referred to federal law enforcement.[1]

A writ of mandamus is a "drastic remedy" that may be granted only in "extraordinary circumstances in response to an act amounting to a judicial usurpation of power." In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005) (citation omitted). To justify the use of this drastic remedy, petitioners must show that they have no other adequate means to obtain the relief desired, have a clear and indisputable right to the writ, and that the writ would be appropriate under the circumstances. See Haines v. Liggett Grp. Inc., 975 F.2d 81, 89 (3d Cir. 1992); see also Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam). When the requested writ demands the recusal of a district court judge under 28 U.S.C. § 455, the petitioner must show that the statute "clearly and indisputably required the district judge to disqualify himself." In re School Asbestos Litigation, 977 F.2d 764, 778 (3d Cir. 1992).

Kraynak has not met this exacting burden, because his petition does not provide any evidentiary support for his assertions of bias beyond his own statements. This lack of factual support is fatal to Kraynak's petition, because, accordingly, he cannot point to any facts that "clearly and indisputably" required the recusal of Chief Judge Brann. Id.; see

---

[1] Kraynak also asked that he be granted an equitable extension to AEDPA's one year statute of limitations, because of the imminent deadline for filing a timely § 2255 petition. However, the District Court docket indicates that Kraynak has since filed a motion, which is currently under consideration by the District Court.

also 28 U.S.C. § 455(a) & (b)(1). For similar reasons, he has not made the necessary showing to warrant the other relief he requests.

Thus, we will deny Kraynak's petition.